**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CARLOS RAMON PABON, | : | |
| Petitioner | : | CIVIL ACTION NO. 3:25-1178 |
| v. | : | (JUDGE MANNION) |
| BRAD SHOEMAKER, *et al.*, | : | |
| Respondents | : | |

## MEMORANDUM

Currently before the Court are an application for leave to proceed *in forma pauperis* and a petition for a writ of habeas corpus under 28 U.S.C. §2241 filed by *pro se* Petitioner Carlos Ramon Pabon ("Pabon"), a pretrial detainee incarcerated in the Lycoming County Prison ("LCP") while awaiting the disposition of several criminal charges. For the reasons stated below, the Court will grant Pabon leave to proceed *in forma pauperis*, dismiss his Section 2241 habeas petition without prejudice, decline to issue a certificate of appealability, and direct the Clerk of Court to close this case.

## I.    BACKGROUND

On November 22, 2024, Pabon was charged by criminal complaint with home improvement fraud (73 P.S. §517.8(a)(2)), deceptive or fraudulent business practices (18 Pa. C.S. §4107(a)(2)), and theft by deception – false impression (18 Pa. C.S. §3922(a)(1)) in Lycoming County. *See* Docket,

*Commonwealth v. Pabon*, No. MJ-29102-CR-52-2025 (Magis. Dist. Ct.) ("MDJ Docket"); Docket, *Commonwealth v. Pabon*, No. CP-41-CR-27-2025 (Lycoming Cnty. Ct. Com. Pl.) ("CCP Dkt."); (Doc. 1 at 1). On February 27, 2025, Pabon waived his preliminary hearing, *see* MDJ Docket, and his charges were bound over for trial to the Lycoming County Court of Common Pleas. *See* CCP Docket. To date, Pabon's criminal charges are unresolved. *See id.*[1]

Pabon commenced the instant case by filing his Section 2241 habeas petition and application for leave to proceed *in forma pauperis* ("IFP Application"), both of which were docketed on June 27, 2025. (Docs. 1, 2.) Pabon did not submit a certified prisoner trust fund account statement with

---

[1] The Court takes judicial notice of the docket sheets for Pabon's criminal case while initially before the Magisterial District Court and now with the Court of Common Pleas as they are public state-court records, which are available through the Unified Judicial System of Pennsylvania's Web Portal for Pennsylvania criminal matters (https://ujsportal.pacourts.us). *See Zedonis v. Lynch*, 233 F. Supp. 3d 417, 422 (M.D. Pa. 2017) ("Pennsylvania's Unified Judicial System provides online access to the docket sheets for criminal cases, and this Court may take judicial notice of those public dockets." (citations omitted)). The Court also notes that the docket sheet for Pabon's proceedings before the Magisterial District Court appears to show that Pabon was charged with two (2) counts of each offense, whereas the Court of Common Pleas' docket sheet appears to show that he was charged with only one (1) count of each offense. *Compare* MDJ Docket, *with* CCP Docket. This difference on the docket sheets does not affect the Court's resolution of Pabon's habeas petition in this case.

his IFP Application, *see* 28 U.S.C. §1915(a)(2) (requiring that when applying to proceed *in forma pauperis*, an incarcerated litigant must submit "a certified copy of the trust fund account statement (or institutional equivalent) for the [litigant] for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the [litigant] is or was confined"); as such, an Administrative Order issued requiring the Warden of LCP to submit Pabon's certified account statement to the Clerk of Court. (Doc. 4.) Pabon's certified account statement was docketed on July 14, 2025. (Doc. 5.)

In his Section 2241 petition, Pabon identifies several grounds for habeas relief such as, *inter alia*: (1) he was falsely arrested; (2) both the Lycoming County District Attorney's Office and the Lycoming County Public Defender's Office have impermissible conflicts of interest that should preclude them from participating in his case; (3) there is a "procedural default that prevents [him] from relief in state court[;] motion for pre-trial relief, insofar as "this originated as a civil case [and] should have continued as a civil case"; (4) the District Attorney's Office wrongfully doubled the charges despite the second set of charges being "not substantiated"; (5) the Public Defender Office's conflict of interest results in pretrial detainees losing due process rights under the Fourth, Fifth, and Fourteen Amendments as well as their

- 3 -

"pre-trial preliminary hearing rights," "pre-trial habeas corpus federal rights," and "violation Brady [sic] doctrine materials"; (6) and he was wrongfully denied bail. *See* (Doc. 1 at 6, 10, 11). In addition to these claims, Pabon also references: (1) state-law torts of defamation, libel, slander, and false light invasion of privacy, *see* (*id.* at 8, 9); (2) the Third Circuit Court of Appeals' Model Civil Jury Instructions, *see* (*id.* at 8, 9); (3) the search and seizure of certain telephone conversations in March and April 2023, *see* (*id.* at 7); (4) the use of a confidential informant for a controlled purchase of methamphetamine and its relation to a search warrant seemingly issued on April 3, 2023, *see* (*id.*); (5) the denial of his right to counsel at a preliminary hearing, *see* (*id.*); (6) a false arrest claim under 42 U.S.C. §1983 for monetary damages, *see* (*id.* at 9, 10); (7) the appointment of a special master for "settlement," *see* (*id.* at 8); and (8) punitive damages, *see* (*id.* at 9). For relief, Pabon seeks an evidentiary hearing before the Court, the dismissal of his charges, and either a bail hearing before the trial court, his conditional release from incarceration, or his discharge from incarceration. *See* (*id.* at 11).

## II.    LEGAL STANDARDS

### A.    Applications for Leave to Proceed *in Forma Pauperis*

Under 28 U.S.C. §1915(a)(1), a district court "may authorize the

commencement . . . of any [civil] suit, . . . without prepayment of fees or

security therefor, by a person who submits an affidavit that includes a

statement of all assets such [person] possesses that the person is unable to

pay such fees or give security therefor." *Id.* This statute

> "is designed to ensure that indigent litigants have meaningful
> access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319,
> 324, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Specifically,
> Congress enacted the statute to ensure that administrative court
> costs and filing fees, both of which must be paid by everyone
> else who files a lawsuit, would not prevent indigent persons from
> pursuing meaningful litigation. [*Deutsch v. United States*, 67 F.3d
> 1080, 1084 (3d Cir. 1995)]. Toward this end, §1915(a) allows a
> litigant to commence a civil or criminal action in federal court *in
> forma pauperis* by filing in good faith an affidavit stating, among
> other things, that [they are] unable to pay the costs of the lawsuit.
> *Neitzke*, 490 U.S. at 324, 109 S.Ct. 1827.

*Douris*, 293 F. App'x at 131–32.

A litigant can show that they are unable to pay the costs of the lawsuit

"based on a showing of indigence." *Deutsch*, 67 F.3d at 1084 n.5. The Third

Circuit Court of Appeals has not defined what it means to be indigent;

nevertheless, "[a] plaintiff need not 'be absolutely destitute to enjoy the

benefit of the statute.'" *Mauro v. N.J. Supreme Ct., Case No. 56,900*, 238 F.

App'x 791, 793 (3d Cir. 2007) (unpublished) (quoting *Adkins v. E.I. DuPont*

*de Nemours & Co.*, 335 U.S. 331, 339 (1948)). Some district courts have explained that all a litigant needs to show is that because of their poverty, they cannot afford to pay for the costs of litigation and provide themselves with the necessities of life. *See, e.g.*, *Rewolinski v. Morgan*, 896 F. Supp. 879, 880 (E.D. Wis. 1995) ("An affidavit demonstrating that the petitioner cannot, because of [their] poverty, provide [themselves] and any dependents with the necessities of life is sufficient."); *Jones v. State*, 893 F. Supp. 643, 646 (E.D. Tex. 1995) ("An affidavit to proceed *in forma pauperis* is sufficient if it states that one cannot, because of poverty, afford to pay for the costs of litigation and still provide for him- or herself and any dependents.").

## B.   Section 2241 Habeas Petitions

Section 2241 provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. §2241(a). After receipt of a Section 2241 habeas petition, a district court must conduct an initial review of the petition to determine whether "it plainly appears from the petition and any attached exhibits that the petition is not entitled to relief in the district court." R. 4, 28 U.S.C. foll. §2254; *see also* R. 1, 28 U.S.C. foll. §2254 ("The district court may apply any and all of these rules to a habeas corpus petition not covered by [Section 2254]."); *In re Gorbey*, 833 F. App'x

371, 372 (3d Cir. 2021) (unpublished) ("As the District Court noted in its October 13, 2020 order, the Rules Governing Section 2254 Cases are applicable to §2241 petitions by Rule 1(b)." (citing *Bowers v. U.S. Parole Comm'n, Warden*, 760 F.3d 1177, 1183 n.8 (11th Cir. 2014))). If so, the Court must dismiss the petition. *See* R. 4, 28 U.S.C. foll. §2254.

In addition, when a judgment against a petitioner in a state criminal proceeding has not yet been entered and the petitioner files an application for a writ of habeas corpus while in pretrial detention, jurisdiction for federal habeas review arises under Section 2241, not [Section 2254], because Section 2254 requires that the petitioner be "in custody pursuant to the *judgment* of a State Court." 28 U.S.C. §2254(a) (emphasis added). Under Section 2241, the writ of habeas corpus may extend to a prisoner in pretrial detention if they are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2241(c)(3). While federal courts have jurisdiction to issue a writ of habeas corpus before a judgment is entered in a state criminal proceeding pursuant to Section 2241, *see, e.g.*, *Moore v. DeYoung*, 515 F.2d 437, 443 (3d Cir. 1975), in the pretrial setting, "federal habeas corpus does not lie, absent 'special circumstances' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden v. 30th Judicial Cir. Ct.*

*of Ky.*, 410 U.S. 484, 489 (1973); *see also Moore*, 515 F.2d at 443 ("[J]urisdiction without exhaustion should be exercised at the pre-trial state unless extraordinary circumstances are present."). Disfavor of pretrial intervention in state criminal proceedings is based on the notion of comity, "a principle of deference and 'proper respect' for state government functions in our federal system." *Evans v. Ct. of Com. Pl. Del. Cnty., Pa.*, 959 F.2d 1227, 1234 (3d Cir. 1992) (citing *Younger v. Harris*, 401 U.S. 37, 44 (1971)); *see also Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) (unpublished) (explaining that Section 2241 jurisdiction "must be exercised sparingly in order to prevent in the ordinary circumstance 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes'" (quoting *Moore*, 515 F.2d at 445–46)). Thus, where no extraordinary circumstances are present and a petitioner seeks to litigate the merits of a constitutional defense to a criminal charge, "the district court should exercise its 'pre-trial' habeas jurisdiction only if [the] petitioner makes a special showing of the need for such adjudication and has exhausted state remedies" by presenting their claim to the highest state court. *See id.* (citation omitted).

## III.  DISCUSSION

### A.    The IFP Application

After reviewing the IFP Application and Pabon's account statement, it appears that he lacks the financial means to prepay the filing fee in this matter. Therefore, the Court will grant the IFP Application and allow Pabon to proceed *in forma pauperis* in this habeas action.

### B.    Review of the Petition

The Court has thoroughly reviewed Pabon's Section 2241 petition, and it plainly appears from it that he is not entitled to habeas relief. Several of Pabon's claims are not cognizable in habeas, his cognizable claims are wholly unexhausted, and his criminal case and habeas claims do not present extraordinary circumstances to warrant excusing exhaustion. As such, the Court will dismiss his Section 2241 petition without prejudice.

### 1.    Pabon's Section 1983 Claims, State-Law Tort Claims, Requests for Monetary Relief, and Request for Appointment of a Special Master for "Settlement"

As stated above, along with his challenges to his criminal charges and proceedings in Lycoming County, Pabon asserts Section 1983 false-arrest claims, asserts various state-law tort claims, requests various forms of monetary damages, and seeks an order appointing a special master to

facilitate a "settlement." (Doc. 1 at 8, 9, 10.) Pabon may not assert those claims and seek those forms of relief in this Section 2241 habeas action.

In situations where a habeas petitioner, such as Pabon, "is seeking damages, [they are] attacking something other than the fact or length of their confinement, and [they are] seeking something other than immediate or more speedy release-the traditional purpose of habeas corpus. In [such cases], habeas corpus is not an appropriate or available federal remedy." *See Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973); *see also Barela v. Martin*, 830 F. App'x 252, 255–56 (10th Cir. 2020) (unpublished) (concluding that Section 2241 habeas petitioner improperly sought "expungement of his disciplinary convictions, return of his personal property, reinstatement to his prior position in the dog program, different housing, prison employment, compensatory damages, and punitive damages" because "[t]hese remedies are available in a civil rights suit but not in a habeas action" (citation omitted)). Instead, the petitioner must file a civil complaint to seek such damages. *See Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002) (indicating that when a prisoner challenges a condition of confinement such that finding in the prisoner's favor would not alter their sentence or undo their conviction, a civil rights action is appropriate). Accordingly, the Court will dismiss Pabon's Section 2241 habeas petition to the extent that he asserts

claims under Section 1983 and state tort law, requests monetary relief, and seeks an order appointing a special master for settlement, without prejudice to him pursuing his claims in a civil complaint.[2]

### 2. Claims Seemingly Unrelated to the Charges in Pabon's Underlying Criminal Case

In his petition, Pabon includes factual averments and legal claims that appear to bear no relation to the charges he faces in his underlying criminal case, *i.e.*, criminal charges involving alleged theft, deception, and fraud, which were filed in 2025. More specifically, Pabon references, *inter alia*, the seizure of telephone conversations on March 23, 2023, March 24, 2023, and April 3, 2023; "a Body [sic] wire to conduct a controlled drug buy in suspects [sic] residence"; and "a fictitious controleled [sic] drug buy that the suspect sold Fifty [sic] dollars worth of meth to Confidential [sic] informant." (Doc. 1 at 7.) Further casting doubt on these types of factual allegations' relationship to Pabon's criminal charges is that almost identical allegations, using a very similar form and typeface, were recently submitted in Section 2241 habeas petition filed by a different individual being held in pretrial detention in the Lycoming County Jail, which was also assigned to the undersigned. *Compare* (*id.*), *with Werkheiser v. Shoemaker, et al.*, No. 25-cv-1068 (M.D.

---

[2] The Court expresses no opinion on the viability of any claims if Pabon decides to file a civil complaint.

Pa.), ECF No. 1 at 2. Overall, while it ultimately does not alter the Court's conclusion that Pabon's cognizable habeas claims in this case are unexhausted, and he has not shown extraordinary circumstances to excuse his failure to exhaust, Pabon should be mindful in any future filings to limit his allegations to those relating to his case.

### 3.   Exhaustion

Section 2241 does not contain a statutory exhaustion requirement like Section 2254, *see* 28 U.S.C. §2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that[] . . . the applicant has exhausted the remedies available in the courts of the State . . . ."); nevertheless, "an exhaustion requirement has developed through decisional law, applying principles of federalism." *Moore*, 515 F.2d at 442. Moreover, "although there is a distinction in the statutory language of [Sections] 2254 and 2241, there is no distinction insofar as the exhaustion requirement is concerned." *Id.* Accordingly, a Section 2241 habeas petitioner must have exhausted their state-court remedies regarding their claims before the federal court can consider their merits. *Id.*; *see Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000) ("[W]e have consistently applied an exhaustion requirement to claims brought under §2241.").

To properly exhaust state remedies, a Section 2241 habeas petitioner must invoke "one complete round of the state's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). The petitioner bears the burden of showing that all claims alleged have been "fairly presented" to the state courts, and "it is not enough that the petitioner presents to the state court the facts upon which a federal claim is based." *Brown v. Cuyler*, 669 F.3d 155, 158 (3d Cir. 1982) (per curiam).

Here, Pabon has not shown that he exhausted his available state remedies in his petition. *See Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997) ("The habeas petitioner carries the burden of proving exhaustion of all available state remedies." (citation omitted)). In this regard, Pabon does not aver that he first raised any of his claims for habeas relief in his underlying criminal proceedings and identify how the Court of Common Pleas addressed those claims. The publicly available docket entries for Pabon's criminal case also do not show that he has filed any pretrial motions to date, although the Court recognizes that his charges have only been pending in the Court of Common Pleas for a few months. *See* CCP Dkt. Thus, it appears that Pabon may still raise his constitutional claims pertaining to, *inter alia*, his arrest, any search and seizures, and the amount of his bail, in the Court of Common Pleas and then challenge any adverse rulings therein in the

Pennsylvania state appellate courts. Moreover, he has not demonstrated that his criminal case presents the type of "extraordinary circumstances" necessary to excuse his failure to exhaust. Accordingly, because Pabon has not exhausted his state-court remedies or shown extraordinary circumstances to excuse his failure to exhaust, the Court will dismiss his Section 2241 petition without prejudice to him refiling it after exhaustion. *See Callwood*, 230 F.3d at 634 (vacating district court's order dismissing Section 2241 habeas petition on the merits and remanding with instructions to the district court to "dismiss for failure to exhaust [state] remedies without prejudice to Callwood's refiling his challenge under §2241 after exhaustion"); *see also Lambert*, 134 F.3d at 513 ("The exhaustion requirement does not foreclose federal relief, but merely postpones it.").

The Court also notes that some district courts in the Third Circuit decline to consider Section 2241 habeas petitions filed by petitioners with unresolved state criminal charges under *Younger* abstention:

> Where, as is the case here, state-court remedies are unexhausted, "principles of federalism and comity require district courts to abstain from enjoining pending state criminal proceedings absent extraordinary circumstances." *Younger v. Harris*, 401 U.S. 37 (1971); *Moore*, 515 F.2d at 447–48. *Younger* abstention will apply when: "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims." *Lazardis v. Wehmer*, 591 F.3d 666, 670 (3d Cir. 2010) (quoting

- 14 -

*Addiction Specialists, Inc. v. Twp. of Hampton*, 411 F.3d 399, 408 (3d Cir. 2005)). If the three *Younger* requirements are satisfied, abstention is required unless the petitioner demonstrates that the state proceedings are motivated by bad faith, the state law being challenged is patently unconstitutional, or there is no adequate alternative state forum where the constitutional issues can be raised. *Id.* at 670 n.4 (citing *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989)). These exceptions are to be construed "very narrowly" and invoked only in "extraordinary circumstances." *Id.*; *Moore*, 515 F.2d at 448[; *s*]*ee also* Brian R. Means, POSTCONVICTION REMEDIES, §10.3 Westlaw (database updated June 2021).

*Arrington v. Commonwealth*, No. 21-cv-1282, 2022 WL 317147, at *3 (W.D. Pa. Jan. 13, 2022) (citing Pa. R. Crim. P. 576(4), (5)), *report and recommendation adopted*, 2022 WL 314675 (W.D. Pa. Feb. 2, 2022).

If the Court analyzed whether to abstain from resolving this case under *Younger*, abstaining would be appropriate. Initially, there is an ongoing judicial proceeding insofar as there is a criminal prosecution in the Lycoming County Court of Common Pleas. Granting habeas relief here would interfere with those criminal proceedings. Additionally, the Commonwealth's criminal case against Pabon implicates important state interests because the Commonwealth has a strong interest in enforcing its criminal laws. Finally, as already explained, there is no indication that Pabon will not have the opportunity to raise claims challenging, *inter alia*, his arrest, any arrest and search warrants, possible conflicts of interest with the District Attorney's and Public Defender's Offices, and any evidence obtained by the

- 15 -

Commonwealth. *See, e.g.*, Pa. R. Crim. P. 578 (requiring that all requests for pretrial relief, such as those seeking the "suppression of evidence" or "to quash or dismiss an information," to be "included in one omnibus motion"). Therefore, Pabon's claims relating to his state-court criminal proceedings also meet the requirements for *Younger* abstention.

## C.    Certificate of Appealability

Because Pabon is a state pretrial detainee, the Court presumes that he requires a certificate of appealability ("COA") should he decide to appeal from this decision. *See* 28 U.S.C. §2253(c)(1)(A) (providing that unless a circuit justice or judge issues a COA, a petitioner may not appeal from "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court"); *Reese v. Pennsylvania*, No. 19-cv-775, 2019 WL 5746276, at *1 (W.D. Pa. Nov. 5, 2019) (concluding that COA requirement applies to Section 2241 petitions filed by state pretrial detainees); *see also Harris v. Pike Cnty. Corr. Facility*, No. 20-cv-962, 2021 WL 880477, at *3 (M.D. Pa. Mar. 9, 2021) (declining to issue COA as part of dismissal of state pretrial detainee's Section 2241 petition). A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. §2253(c)(2). When deciding whether to issue

- 16 -

a COA after a dismissal on procedural grounds, the Court applies the following standard:

> [w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling . . . . Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, jurists of reason would not find the disposition of this case debatable, *i.e.*, that Pabon has raised claims and requests for relief that are not cognizable in habeas and has failed to exhaust his state-court remedies as to any cognizable claims prior to filing his Section 2241 petition here and that he failed to present extraordinary circumstances to warrant this Court considering the petition. *See, e.g.*, *Burley v. Superintendent Forest SCI*, No. 22-2719, 2023 WL 2560361, at *1 (3d Cir. Feb. 3, 2023) (denying COA because "reasonable jurists would not debate the conclusion that there was no reason for the District Court to exercise jurisdiction over Appellant's current [Section 2241] habeas petition because he failed to establish that (1) he exhausted his state-court remedies or (2) his case presents 'extraordinary

- 17 -

circumstances.'" (quoting *Moore*, 515 F.2d at 443)). Accordingly, the Court will not issue a COA in this case.

## IV.    CONCLUSION

For the reasons above, the Court will grant the IFP Application, dismiss Pabon's Section 2241 petition without prejudice, decline to issue a COA, and direct the Clerk of Court to close this case. An appropriate Order follows.

**MALACHY E. MANNION**
**United States District Judge**

DATE: 8/5/25

25-1178-01

- 18 -